# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 13CR10077 - |
| **v.** | Crim. No. _____ |
| COREY NORRIS,<br>a/k/a "Case," "Jacorey Johnson," | 18 U.S.C. § 1594(c)<br>(Conspiracy to Sex Traffic a Child)<br>18 U.S.C. § 1591(a) and (b)(1) |
| DARIAN THOMSON,<br>a/k/a "Bo," | (Sex Trafficking of a Child)<br>18 U.S.C. § 2423(a)<br>(Transportation of a Minor With Intent<br>to Engage in Criminal Sexual Activity) |
| VANESSA GRANDOIT, | 18 U.S.C. § 2<br>(Aiding and Abetting) |
| **Defendants** | 18 U.S.C. §§ 981(a)(1)C), 1594(b),<br>2428(b) and 28 U.S.C. § 2461(c)<br>(Forfeiture) |

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE
### (Conspiracy to Sex Traffic a Child)
### 18 U.S.C. § 1594(c)

From on or about December 4, 2012 through on or about December 9, 2012, in the

District of Massachusetts and elsewhere, the defendants,

### COREY NORRIS
### a/k/a "Case," "Jacorey Johnson,"

### DARIAN THOMSON
### a/k/a "Bo," and

### VANESSA GRANDOIT,

1

knowingly conspired with each other to recruit, entice, harbor, transport, provide, obtain, and maintain a person, Female #1, whose identity is known to the Grand Jury, in and affecting interstate commerce, knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion, and a combination of such means would be used to cause Female #1 to engage in a commercial sex act, and knowing and in reckless disregard of the fact that Female #1 had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591.

All in violation of 18 U.S.C. § 1594(c).

## COUNT TWO
### (Sex Trafficking of a Child)
### 18 U.S.C. § 1591(a) and (b)(1)

On or about December 8, 2012, in the Districts of Massachusetts and Rhode Island, the defendants,

### COREY NORRIS
### a/k/a "Case," "Jacorey Johnson,"

### DARIAN THOMSON
### a/k/a "Bo," and

### VANESSA GRANDOIT,

aided and abetted by each other, did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain a person, Female #1, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, coercion, and a combination of such means would be used to cause Female #1 to engage in a commercial sex act, and knowing and in reckless disregard of the fact that Female #1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. § 1591(a) and (b)(1) and 18 U.S.C. § 2.

## COUNT THREE
### (Transportation of Minor With Intent to Engage in Criminal Sexual Activity)
### 18 U.S.C. § 2423(a)

On or about December 8, 2012, in the District of Massachusetts and Rhode Island, the

defendants,

### COREY NORRIS
### a/k/a "Case," "Jacorey Johnson,"

### DARIAN THOMSON
### a/k/a "Bo,"and

### VANESSA GRANDOIT,

aided and abetted by each other, did knowingly transport Female #1, whose identity is known to

the Grand Jury and who had not attained the age of 18 years, in interstate commerce from

Massachusetts to Rhode Island, with intent that Female #1 engage in prostitution and in sexual

activity for which any person can be charged with a criminal offense.


All in violation of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2.

4

## FORFEITURE ALLEGATIONS
### 18 U.S.C. §§ 981(a)(1)C), 1594(b), 2428(b) and 28 U.S.C. § 2461(c)

1.      Upon conviction of one or more of the offenses charged in Counts One through

Three of this indictment, the defendants,

### COREY NORRIS
#### a/k/a "Case," "Jacorey Johnson,"

### DARIAN THOMSON
#### a/k/a "Bo,"

### VANESSA GRANDOIT,

shall forfeit to the United States, (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable

to such violations; and (ii) pursuant to 18 U.S.C. § 1594(b) and 18 U.S.C. § 2428(b), any

property real or personal, used or intended to be used to commit or to facilitate the commission

of any such violations, and any property, real or personal, that constitutes or is derived from

proceeds traceable to any such violations.

2.      If any of the property described in paragraph 1 hereof as being forfeitable, as a

result of any act or omission of the defendants --

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred to, sold to, or deposited with a third party;

        c.      has been placed beyond the jurisdiction of this Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided
                without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 981, 1594, 2428, and Title 28 United States Code, Section 2461.

6

A TRUE BILL,

FOREPERSON OF THE
GRAND JURY

Amy Harman Burkart
Assistant U.S. Attorney

Deputy Clerk

3/21/13  1:W

7